UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

EDELWEISS ELDEMIRE-MARTIN,

       Plaintiff,

vs.

NEW PENN FINANCIAL, LLC,

       Defendant.
_____/

## COMPLAINT

**COMES NOW,** the Plaintiff, EDELWEISS ELDEMIRE-MARTIN, by and through undersigned counsel, and brings this action against the Defendant, NEW PENN FINANCIAL, LLC ("NEW PENN"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"), and Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act", ("FCCPA").

2. The FDCPA and FCCPA prevent debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

4. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

5. Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this District is proper because Plaintiff resides in Broward County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7. At all times material hereto, Defendant, NEW PENN was and is a foreign corporation, incorporated under the laws of the State of Delaware; duly licensed to transact business in the State of Florida, and lists its registered agent as CT Corporation, 1200 South Pine Island Road, Plantation, FL 33324.

8. Upon information and belief, Shellpoint Mortgage Servicing is a division of New Penn Financial, LLC. As such, Shellpoint Mortgage Servicing and of New Penn Financial, LLC, are one and the same. Thus, for ease of reference, both Shellpoint Mortgage Servicing and of New Penn Financial, LLC, will be referred to as NEW PENN.

9. At all times material hereto, Plaintiff was and is a resident of Broward County, Florida, and owns a home, which is Plaintiff's primary residence, in Broward County.

10. At some point in time prior to the violations alleged herein, NEW PENN was hired to service the subject loan.

11. At all times relevant to this Complaint, NEW PENN, was and is a "person" as said term is defined under Florida Statute §1.01(3), and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

*TL-9147*

12. At all times relevant to this Complaint, NEW PENN, regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6) and Florida Statute §559.55(6).

13. At all times relevant to this Complaint, NEW PENN, regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

14. At all times relevant to this Complaint, NEW PENN, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

15. Upon information and belief, the primary function of NEW PENN's servicing business is to collect payment on mortgage accounts.

16. Upon information and belief, NEW PENN, began servicing the subject loan in March 2014, after it was already in default.

17. Upon information and belief, NEW PENN, was only hired as the servicer upon the disputed debt to attempt to collect upon the disputed debt.

18. The debt that Defendant sought to collect from Plaintiff is an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

19. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by 15 U.S.C. 1692(a)(3) and Florida Statutes §559.55(2), and/or a person with standing to bring a claim under the FDCPA and FCCPA by virtue of being directly affected by violations of the Acts.

20. At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5) and Florida Statute §559.55(1).

**BACKGROUND AND GENERAL ALLEGATIONS**

21. On or about January 9, 2014, a foreclosure action was filed against Plaintiff in

broward County, Florida, bearing Case No. CACE12000658, styled as *Bank of New York Mellon, et al. v. Edelweiss Eldemire-Martin, et al.* (the "Foreclosure").

22. In May 2014, Loan lawyers, LLC ("Loan Lawyers"), as counsel for Plaintiff, filed their Notice of Appearance in the Foreclosure action.

23. In an effort to save their home from foreclosure, on or about July 3, 2014, Plaintiff submitted a loan modification application to Defendant which included an executed Making Home Affordable Program ("HAMP") Request for Mortgage Assistance ("RMA") form.

24. The RMA asked Plaintiff if they wanted to keep the property; if the property is their primary residence; and if the property was owner occupied.

25. Plaintiff answered in the affirmative to each of the above questions.

26. Defendant duly received the application and knew that Plaintiff lived in the home and sought to keep the property.

27. Yet, Defendant continued to cause property inspections to be performed on Plaintiff's home at an alarming rate.

28. On or around August 28, 2014, Loan Lawyers—on behalf of Plaintiff—mailed to NEW PENN a correspondence pursuant to Regulation X, Regulation Z, TILA, and RESPA, which informed NEW PENN that the subject property was occupied and that Plaintiff has not allowed the property to deteriorate and has not committed waste on the property.

29. Thereafter, Defendant provided Plaintiff's counsel with a loan history.

30. A true and correct copy of the loan history is attached hereto as Exhibit "A".

31. Defendant caused property inspections to be performed on Plaintiff's residence and subsequently charged to Plaintiff's mortgage loan account on June 7, 2013, June 24, 2013, August 6, 2013, September 5, 2013, October 15, 2013, November 25, 2013, December 20, 2013, January

*TL-9147*

22, 2014, February 13, 2014, February 26, 2014, March 11, 2014, April 22, 2014, May 13, 2014, July 3, 2014, July 28, 2014, August 18, 2014, September 17, 2014, and October 17, 2014. *See* Exhibit "A".

32.     NEW PENN also provided Plaintiff's counsel with numerous inspection reports, all of which stated the "inspection type" was to "verify occupancy". Each and every inspection report provided stated that the property was "occupied".

33.     Despite each inspection concluding that the property is occupied, NEW PENN continued to have subsequent property inspections performed.

34.     Upon information and belief, NEW PENN performs property inspection in order to increase its billing of Plaintiff and borrowers at large.

35.     Upon information and belief, NEW PENN is not in need of even monthly inspections.

36.     The inspections were performed by an unknown third party who was hired or otherwise retained by Defendant to visit Plaintiff's home and to inspect the exterior and take pictures of the house, etc.

37.     These actions were taken in the open and in broad daylight, in full view of Plaintiff's neighbors, which caused embarrassment, anxiety and consternation to Plaintiff.

## COUNT I-VIOLATION OF FDCPA: 15 U.S.C. § 1692e

38.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 37.

39.     15 U.S.C. §1692e states in part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (2) The false representation of—
> (A) the character, amount, or legal status of any debt; or

    (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e

40. The charge of fees and costs to Plaintiff's mortgage loan account for property inspections is is a false representation of the character and amount of fees due and owing.

41. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692e.

42. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to unlawful charges to Plaintiff's account, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

43. Plaintiff has hired Loan Lawyers, LLC, to represent her in this action and has agreed to pay a reasonable attorney's fee.

44. As a result of the above violations of the FDCPA, pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000, together with reasonable attorney's fees and court costs.

**COUNT II-VIOLATION OF FDCPA: 15 U.S.C. § 1692f**

45. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 37.

46. 15 U.S.C. §1692f states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>  (1) The collection of any amount (including any interest, fee,

*TL-9147*

charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1)

47. The charge of fees and costs to Plaintiff's mortgage loan account for property inspections is not expressly authorized by the agreement creating the debt or permitted by law.

48. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692f.

49. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to unlawful charges to Plaintiff's account, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

50. Plaintiff has hired Loan Lawyers, LLC, to represent her in this action and has agreed to pay a reasonable attorney's fee.

51. As a result of the above violations of the FDCPA, pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000, together with reasonable attorney's fees and court costs.

### COUNT III – VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(9)

52. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 37.

53. Florida Statutes § 559.72(9) states:

"In collecting debts, no person shall…
(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

Florida Statutes § 559.72(9).

*TL-9147*

54. The charge of fees and costs to Plaintiff's mortgage loan account for property inspections is a claim or an attempt to enforce a debt that NEW PENN knows is not legitimate.

55. Defendant's alleged conducting of eleven (11) property inspections in 2014 alone merely to determine occupancy status, the costs which are subsequently charged to Plaintiff's account is not a legitimate debt to which Defendant is aware.

56. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(9).

57. As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

58. Plaintiff has hired Loan Lawyers, LLC, to represent her in this action and has agreed to pay a reasonable attorney's fee.

59. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, EDELWEISS ELDEMIRE-MARTIN, respectfully asks this Court to enter an order granting judgment for the following:

(a) That NEW PENN be required to remove all unlawful fees from Plaintiff's mortgage loan account;

(b) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k, and Florida Statutes § 559.77(2); and

(c) Such other relief to which this Honorable Court may deem just and proper.

*TL-9147*

## DEMAND FOR JURY TRIAL

Plaintiff, EDELWEISS ELDEMIRE-MARTIN, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Aaron Silvers
Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone:   (954) 523-4357
Facsimile:    (954) 581-2786

*TL-9147*